UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEY BOSSI, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:14-cv-02301 |
| | : | |
| v. | : | (Judge Kosik) |
| | : | |
| BANK OF AMERICA, | : | |
| GEORGE GASTON, | : | |
| GEORGE HERNANDEZ and | : | |
| SARAH PIERCE | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

Before the Court is Plaintiff's Motion to Compel Deposition of Corporate Designee of Bank of America and/or Motion to Strike Objections to Defendants' Objections to Plaintiff's Deposition Notice (Doc. 23). The parties fully briefed the motion, and it is ripe for disposition.

Rule 30(b)(6) of the Federal Rules of Civil Procedure states,

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify . . . .

Fed. R. Civ. P. 30(b)(6).

Plaintiff presents several issues in her motion. First, Plaintiff asserts that Defendant Bank of America failed to prepare Sarah Pierce as a corporate designee, since Pierce was unable to speak to some areas in the notice. Plaintiff argues that Sarah Pierce, Vice President in the Human Resources Department, should have been prepared to testify as to all areas in the Notice.

Defendants' Counsel informed Plaintiff's Counsel that Sarah Pierce was "incompetent" to testify as to matters surrounding the termination, disciplinary action, and warnings involving Plaintiff, but that Pierce was competent to testify as to the remaining areas.  Defendants' Counsel identified Defendant George Hernandez as the appropriate person to answer questions concerning the areas Pierce was incompetent to testify about.

We first note that Defendants agree to stipulate that Sarah Pierce and George Hernandez were deposed as corporate designees under Rule 30(b)(6), and that their testimony binds Bank of America.  A corporate defendant may designate more than one person to address the areas of the Notice of Deposition, since the most qualified person may not be able to speak to all areas.  Bank of America did this, in informing Plaintiff that George Hernandez would be able to speak to the areas that Pierce was incompetent to testify about.  We therefore find that Bank of America met its duty to prepare its corporate designee, Sarah Pierce.

Plaintiff next argues that Hernandez's deposition is inadequate to serve as a Rule 30(b)(6) deposition, since Plaintiff did not notice Hernandez as a corporate designee, and at the time of the deposition, Hernandez was speaking as a party, not as a corporate designee.  Plaintiff further argues that Hernandez was not a managing agent, appropriate to be named as a corporate designee, since Hernandez testified that he consistently consulted Advice and Counsel, and therefore lacks the decision-making discretion and unsupervised authority to testify as a managing agent and bind the corporate defendant.  Rule 30(b)(6) allows an organization to "designate other persons who consent to testify on its behalf."  Since Bank of America has agreed that Hernandez was acting as a corporate designee, and that his testimony binds it, we find that Hernandez's deposition was adequate under Rule 30(b)(6), as there is no showing that Bank of America did not meet its duty to prepare its corporate designee.

As a result of Sarah Pierce being incompetent to speak to matters concerning termination, disciplinary action, and warnings, Plaintiff sent Bank of America a Notice of Deposition to depose an unnamed corporate designee (Doc. 23-3, Pl.'s Mot. to Compel Ex. C.)  In this Notice of Deposition to an unnamed corporate designee, Plaintiff included additional areas for deposition that were not included in the first notice.  These additional areas included any and all medical information concerning Plaintiff.  (Id.)  Defendants objected to this Notice of Deposition because it was duplicative, irrelevant, and vague.   (Doc. 23-4, Pl.'s Mot. to Compel Ex. D.)  Defendants objected to Plaintiff seeking information concerning Plaintiff's medical information and adjustment of metrics due to medical conditions, because it is irrelevant.  Defendants argue that Plaintiff never claimed that she was denied an accommodation in retaliation for any complaints.  We agree with Defendants, and find that this information is irrelevant to the present claim.

Therefore, we will deny Plaintiff's motion.  An appropriate order will follow.